UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 7:25-CR-20-KKC

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          PLEA AGREEMENT

JENNIFER PEREZ                                              DEFENDANT

\* \* \* \* \*

1.      Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count Two of the Indictment, which charges a violation of 21 U.S.C. § 841(a)(1), distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts One and Three. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2.      The essential elements of Count Two are:

(a)     The Defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

(b)     The Defendant knew at the time of distribution that the substance

was a controlled substance; and

(c)     The offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

3.     As to Count Two, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

On February 11, 2025, law enforcement used a confidential informant to make a controlled purchase of methamphetamine from the Defendant. The informant traveled to the Defendant's residence in Johnson County and provided Perez with $750.00 in United States Currency. The Defendant then distributed to the informant 66.4 grams of what the Defendant knew to be methamphetamine. Prior to this controlled purchase, law enforcement had used an informant to purchase 0.860 grams of methamphetamine from the Defendant on February 10, 2025. After these controlled purchases, law enforcement used a confidential informant to make a controlled purchase of 54.3 grams of methamphetamine from the Defendant on February 14, 2025.

4.     The statutory punishment for Count Two is imprisonment for not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5.     Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a)     The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines

range.

    (b)    Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes between 50 grams and 200 grams methamphetamine (mixture), which corresponds to a base offense level of 24.

    (c)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.    No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.    The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8.    The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11.    This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12.    The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 9/5/25                    By: _____
                                     Andrew H. Trimble
                                     Assistant United States Attorney

Date: 9/5/2025                       _____
                                     Jennifer Perez
                                     Defendant

Date: 9/5/2025                       _____
                                     Noah Robert Friend
                                     Attorney for Defendant